| | | |
|---|---|---|
| **RICHARD ALLEN TOWERY, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **ERIC A. HOOKS, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

**THIS MATTER** is before the Court upon its own motion.

Petitioner is a prisoner of the State of North Carolina, who, on October 22, 2018, filed a

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and Affidavit to

Proceed In Forma Pauperis (Doc. No. 2) in this Court. In this action, Petitioner is challenging

the legality of his state court judgment, which was entered in Cleveland County Superior Court

on July 8, 2015. (Pet. 3-4, Doc. No. 1.) Accordingly, the Petition is properly classified as a

petition for writ of habeas corpus under 28 U.S.C. § 2254, not § 2241. See In re Wright, 826

F.3d 774, 779 (4th Cir. 2016) ("[R]egardless of how they are styled, federal habeas petitions of

prisoners who are "in custody pursuant to the judgment of a State court" should be treated as

"applications under section 2254.").

Petitioner contends, however, that he has a right to challenge the legality of his custody

under either § 2241 or § 2254. (Pet. 1-2, Doc. No. 1.) That argument is foreclosed by the Fourth

Circuit Court of Appeals' decision in In re Wright, which concluded that § 2254 limits "the

conditions under which § 2241 habeas relief may be granted to convicted state prisoners." Id. at

780. Habeas relief pursuant to § 2241 is available to state prisoners who are not in custody

pursuant to a state court judgment – for example, those in pre-trial custody or who are awaiting

extradition.  Id. at 782 (citations omitted).  Petitioner is in custody pursuant to a state court

judgment.  As such, he may launch a federal habeas attack on that judgment only by way of

petition pursuant to § 2254.  Id. at 780 ("Section 2254, by its terms, . . . 'applies to a person in

custody pursuant to the judgment of a State court who is 'in custody in violation of the

Constitution or laws or treaties of the United States.'" (quoting Medberry v. Crosby, 351 F.3d

1049, 1059 (11th Cir. 2003) (citation and internal quotation omitted))).

It does not appear that Petitioner has previously filed a § 2254 petition challenging his

2015 judgment.  Prior to characterizing a mislabeled post-conviction action as an initial § 2254

petition, a district court must provide the prisoner notice and an opportunity to respond.  See

United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002), overruled in part on other

grounds by Castro v. United States, 540 U.S. 375, 383 (2003), as recognized in United States v.

Blackstock, 513 F.3d 128, 133 (4th Cir. 2008).

## NOTICE

The Court hereby notifies Petitioner that it intends to characterize his habeas Petition as a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner must indicate whether

he agrees or disagrees with this characterization.

Before making that decision, Petitioner should consider that if the Court characterizes the

Petition as one brought pursuant to §2254, it will be Petitioner's first §2254 petition.  Thereafter,

Petitioner may not file a second or successive §2254 petition attacking the same criminal

judgment, unless he first receives permission to do so from the United States Court of Appeals

for the Fourth Circuit.  See 28 U.S.C. § 2244(b)(3)(A).

Moreover, in determining whether he agrees or disagrees with this characterization,

Petitioner should consider that the law imposes a one-year statute of limitations on the right to

bring a habeas action pursuant to §2254.  See 28 U.S.C. § 2244(d)(1).  The statute of limitations

begins to run at the latest of:

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

## REQUIRED ACTION

Petitioner should file a paper writing in this Court stating whether he agrees to have the Petition considered pursuant to §2254. If he agrees to the characterization, Petitioner may, concurrent with his notice to the Court, file an amended §2254 petition raising any additional constitutional challenges to his 2015 judgment. The Court shall direct the Clerk of Court to mail Petitioner a blank §2254 form to use for this purpose.

If Petitioner does not agree to the characterization, the Court will dismiss this action without prejudice. If Petitioner fails to timely respond to this Order, the Court will characterize the Petition as one brought pursuant to §2254, without further notice to Petitioner.

In addition, federal law requires a prisoner seeking habeas review of his state court judgment in federal district court to pay a $5.00 filing fee or be granted leave by the court to proceed without prepayment of fees and costs. See 28 U.S.C. §§ 1914, 1915. Petitioner has filed an affidavit of indigency (Doc. No. 2), but he has not filed the required application to proceed without prepayment of fees and costs. Therefore, the Clerk of Court shall be directed to send Petitioner a blank application so that he may correct this deficiency.

**NOTE:** Rule 3(2) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a state prisoner's application to proceed without prepayment of fees and costs be accompanied by "*a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution.*" Petitioner's failure to include such a certificate or a receipt displaying the balance of his inmate trust account, could result in denial of indigent status.

**IT IS, THEREFORE, ORDERED** that Petitioner shall have 21 days from entrance of this Order to:

1. inform the Court in writing whether he agrees to the characterization of his § 2241 Petition as a 28 U.S.C. § 2254 petition for writ of habeas corpus;

2. file an amended § 2254 petition for writ of habeas corpus on the form provided; and

3. either file an application to proceed without prepayment of fees and costs, on the form provided, and a certificate or receipt from the prison superintendent or other appropriate officer showing the amount of money or securities Petitioner has in any account in the institution, or pay the $ 5.00 filing fee.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Petitioner a blank 28 U.S.C. § 2254 form and a blank application to proceed without prepayment of fees and costs, with a copy of this Order.

Signed: November 14, 2018,

Frank D. Whitney
Chief United States District Judge

4